AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br>DAVONTA OMAR PICKETT<br><br>*Defendant(s)* | Case No. 1:25-mj-00117-SAB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __09/17/2025__ in the county of __Fresno__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Possession of Ammunition by a Felon<br>Penalties: maximum 15 years imprisonment; $250,000 fine; 3 years of supervised release; $100 special assessment |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Task Force Officer Yessi Hernandez, FBI
*Printed name and title*

Sworn to before me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1.

Date: **Oct 8, 2025**

*Judge's signature*

City and state: Fresno, California

Stanley A. Boone, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVONTA OMAR PICKETT,<br><br>Defendant. | CASE NO.<br><br>AFFIDAVIT OF TASK FORCE OFFICER YESSIE HERNANDEZ |

I, Yessie Hernandez, being sworn, depose and state the following:

## I. INTRODUCTION

1. This affidavit is in support of a complaint and arrest warrant for Davonta PICKETT with a violation of Title 18, United States Code, Section 922(g)(1), felon in possession of ammunition. The information set forth in this affidavit is not intended to detail each and every fact and circumstance of the investigation or all the information known to me and other law enforcement investigators. Rather, this affidavit serves only to establish probable cause for the arrest of PICKETT.

## II. AFFIANT'S BACKGROUND

2. I am a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI"), presently assigned to the Sacramento Division, Fresno Resident Agency ("RA"), duly sworn and deputized in accordance with United States Code Title 18 and Title 21. As a TFO, I am authorized by law or by a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of federal criminal law.

3. I am employed as a sworn full-time peace officer for the Fresno Police Department ("FPD") and have been so since December 2015. I am currently assigned to the Multi-Agency Gang Enforcement Consortium ("MAGEC") where I investigate organized crime, gangs, violent crime, drug traffickers, human traffickers, and the sale and manufacturing of illegal firearms. I have attended specialized training put on by the FBI, California Department of Justice, MAGEC, California Gang

COMPLAINT AFFIDAVIT                                1

Investigators Association (CGIA), Southern California Gang Conference (SCGC), and California Narcotics Officer Association (CNOA). Throughout my law enforcement career, I have attended training and conducted investigations relating to criminal street gangs, organized crime, violent crimes, firearms, controlled substances, and other areas of law enforcement.

4. Through my training and experience, I am familiar with the identification of various firearms and firearms parts. I am also familiar with the various methods used by individuals to obtain, possess, manufacture, transport, and/or sell firearms. I am also familiar with the modus operandi as it pertains to the illegitimate use of such proceeds in violation of federal law. These methods include the use of telephones, cellular telephones, wireless communication technology, counter surveillance, elaborately planned smuggling schemes tied to legitimate businesses, false or fictitious identities, and the use of coded or vague communications in a text message format in an attempt to thwart law enforcement. I have also interviewed firearms distributors and have discussed with them the lifestyle, appearances, habits and methods of firearms distribution, and trends.

5. I am familiar with the facts and circumstances of the investigation from discussions with detectives, agents of the FBI and other law enforcement officers who are also actively involved in the investigation, and from my own review of records, and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of filing a complaint, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in supporting probable cause, nor do I request that this Court rely on any facts not set forth herein in reviewing this application. Because this Affidavit is being submitted for the limited purpose of securing a search warrant for the location and property set forth above, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe establish probable cause that evidence of the Subject Offenses have been committed and will be contained in the

property described above.

### III.   APPLICABLE LAW

6.   Title 18, United States Code, Section 922(g)(1) prohibits any person, who has previously been and knows he has been convicted of an offense punishable by imprisonment for more than one year, from possessing a firearm or ammunition that has traveled in interstate or foreign commerce. 18 U.S.C. § 922(g)(1).

### IV.   SUMMARY OF PROBABLE CAUSE

7.   On September 17, 2025, Detectives with the Multi-Agency Gang Enforcement Consortium (MAGEC) were following up on an investigation and executed a search warrant at 527 East California Avenue, Fresno, California, and arrest warrant for wanted subject, Davonta Omar PICKETT (hereinafter PICKETT), date of birth (DOB) August 5, 2024.  The search warrant was for violations of the California Penal Code (CPC) 245(a)(2) Assault with a Firearm, 29800(a)(1) Felon in Possession of a Firearm, 273a(a) Child Endangerment and arrest warrant issued for PICKETT were for CPC 245(a)(2) Assault with a Firearm, 29800(a)(1) Felon in Possession of a Firearm, and 273a(a) Child Endangerment. During the execution of the warrant, PICKETT refused to surrender and was later taken into custody. PICKETT's girlfriend advised detectives PICKETT had hidden a firearm in a vent which was later seized as evidence. While PICKETT was in custody at Fresno County Jail, he made a phone call to a subject admitting law enforcement located they firearm after he tried to hide it.

### V.   PROBABLE CAUSE

8.   On September 11, 2025, Fresno Police MAGEC Detective Carson Koch conducted an assault investigation that originated at Bullard High School over an infidelity issue between a couple. A friend (hereinafter Victim 1) of the female half of the relationship was upset the boyfriend cheated on her friend. The friend recruited a male friend (hereinafter Victim 2) to fight the boyfriend.  The boyfriend and the male friend agreed to fight at Logan Park located in the City and County of Fresno. Both Victim 1 and Victim 2 responded to Logan Park and waited for the boyfriend. While waiting, a group of black males arrived, one was identified as PICKETT ,the other male was later identified as a Dog Pound gang member, A. C and the boyfriend were present. Both PICKETT and A.C. were armed with firearms. The boyfriend,

PICKETT and A. C. then began to assault Victim 2. PICKETT was specifically armed with a handgun that appeared to be black and semiautomatic. A. C. was armed with an AR-15 style rifle and had pointed it at the male friend at less than ten feet away. Both PICKETT and A.C. also pointed the firearms at Victim 1. Victim 1 told Detective Koch that if they were not recording, they believed PICKETT would have fired his weapon.

9. Detective Koch obtained a video capturing a portion of the incident. The following is a summary of the video which lasts approximately 43 seconds. Three young black males, including PICKETT, A.C., and the boyfriend were in close proximity to Victim 2. The boyfriend began to fight against Victim 2 for several seconds. PICKETT got behind Suspect 1 while holding his waistband area and kicked Victim 2 in the groin area with such force his shoe came off. While kicking Victim 2, PICKETT could be seen holding a black handgun in his waistband (see figure 1 below).[1]



10. Immediately after, A.C. closed the distance, shouldered his rifle, and took aim while he

---

[1] Red circle added to highlight the location of the firearm on PICKETT's body.

COMPLAINT AFFIDAVIT

4

pointed the rifle at Victim 2's head area (see figure 2 below).[2]



11.     All three suspects, including the boyfriend, PICKETT and A.C., continued to physical assault Victim 2 until a female, who arrived in white car, quickly approached the subject recording the altercation. At the conclusion of Detective Koch's investigation, he obtained an arrest warrant for PICKETT for violation of the CPC 245(a)(2) Assault with a Firearm, 29800(a)(1) Felon in Possession of a Firearm, and 273a(a) Child Endangerment, which was signed by Fresno County Superior Court Judge Jonathan Conklin on September 12, 2025.

***Discovery of Privately Manufactured Firearm and Ammunition***

12.     On September 17, 2025, MAGEC Detectives attempted to locate PICKETT and conducted undercover surveillance in the area of 527 East California, Unit 176, Fresno, California. Detectives had positively identified PICKETT entering and exiting the apartment. Detectives never observed PICKETT leaving Unit 176 and authored a residential search warrant, signed by Fresno County Superior Judge Michael Idiart on September 17, 2025, at the location for evidence of CPC 245(a)(2) Assault with a Firearm, 29800(a)(1) Felon in Possession of a Firearm, and 273a(a) Child Endangerment. Detectives executed the search warrant and conducted a surround and call out of the location. PICKETT and his

---

[2] Red circle added to highlight the positioning of the rifle pointed by A.C.

COMPLAINT AFFIDAVIT                                    5

girlfriend (identified as P.T.) refused to exit for a significant period of time resulting in detectives forcibly breaching the front door. PICKETT and his P.T. were detained shortly after. After a short interview with P.T., she admitted police would find a firearm hidden in a vent. P.T. further described the firearm to belong to PICKETT and observed him place it in the hallway, which detectives later determined to be the vent on the south wall. PICKETT denied owning the firearm under Miranda.

13. Detective Koch opened the vent on the south wall of the hallway and found a black semiautomatic handgun hidden inside. The handgun was a privately manufactured firearm, loaded with eleven rounds of FC Blazer and CCI nine-millimeter ammunition.

14. It appears that the firearm PICKETT possessed on September 11, 2025, during the assault and the firearm seized during the search warrant execution on September 17, 2025, appear to match the same general description (see figure below).



*Jail Communications*

15. On September 17, 2025, PICKETT made a call to 559-369-0970 (hereinafter believed to be P.T.) while incarcerated in the Fresno County Jail Pre-Booking and discussed the circumstances of the search warrant.³ P.T. recounted the encounter with law enforcement to PICKETT. P.T. concealed the fact

---

³ I believe the user of the phone number was as P.T. because she recounted details of the search warrant to PICKETT and P.T. had provided this phone number to law enforcement during the search

COMPLAINT AFFIDAVIT 6

that she told police that PICKETT had hidden the gun. PICKETT told P.T. if he never had the "blower"[4] he would have never gotten arrested. P.T. said her aunt suggested that PICKETT should have put it up in the "thing." P.T. suggested PICKETT should have hidden the gun in his bag of clothes since police did not search the bag. PICKETT told P.T. he should have just run. PICKETT requested P.T. place a three-way call to "Lil Tre" (hereinafter A.C.).[5] PICKETT advised A.C. to stay off social media and that law enforcement located the "blower" PICKETT tried to hide. PICKETT believed someone was providing information to law enforcement on them.

16. I reviewed PICKETT's record of arrest and prior convictions by checking Fresno County Superior Court records and federal criminal history, which indicated that he has been convicted of several felonies in the State of California, punishable by more than a year of imprisonment. Specifically, PICKETT has been convicted of the following felonies:

    a) Fresno County Superior Court, Case No. F23901458, PICKETT was charged on February 25, 2023, for Penal Code 25850(a) Carry Loaded Firearm in Public. On or about December 13, 2023, PICKETT pled Nolo Contendre to the charge. The charge carried a maximum of three years imprisonment, and PICKETT was so advised at the time of his plea.

17. On October 7, 2025, an (ATF) Special Agent Anthony Gonzales who has specialized training in the manufacture, origin, and identification of firearms and ammunition, told me that the ammunition was not manufactured in the state of California, and therefore, traveled in and affected interstate commerce.

## VI. CONCLUSION

18. I believe the above facts set forth probable cause to believe that Davonta PICKETT violated Title 18, United States Code, Section 922(g)(1), Felon in Possession of Ammunition. I request that an arrest warrant be issued for PICKETT for this violation based.

---

warrant execution on September 17, 2025.

[4] I know, based on my training and experience, "blower" is slang for firearm.

[5] Lil Tre was identified as A.C. by Detective Koch who was familiar with him as a Dog Pound criminal street gang member and PICKETT's co-conspirator from the original assault.

COMPLAINT AFFIDAVIT         7

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

_____
Yessie Hernandez
Task Force Officer, Federal Bureau of Investigation

This Affidavit was submitted to me by email/pdf and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1, and 41(d)(3) on __**Oct 8, 2025**__.

_____
HON. STANLEY A. BOONE
United States Magistrate Judge

Reviewed as to form.

_____
Kyle P. McPherson
Special Assistant U.S. Attorney

COMPLAINT AFFIDAVIT                                       8